IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK D. CONTRERAS,

        Plaintiff,                    No. CIV S-11-2690 GGH P

    vs.

C/O A. MONTANEZ, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff, on November 1, 2011, in response to the court's order, has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected
2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  A complaint must contain more than a "formulaic recitation of the elements of a
18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
19  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
20  "The pleading must contain something more...than...a statement of facts that merely creates a
21  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
24  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.
25  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
26  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id

1    In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5 1843 (1969).
6    Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.
7 Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,
8 (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for
9 the relief plaintiff seeks.  The complaint meets none of these requirements.  Rule 8 requires
10 "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever
11 v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52
12 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to
13 satisfy the notice requirement of  Rule 8.)
14    Using a form entitled "Sec. 832.5 citizens' complaints against personnel," it is
15 nevertheless apparently plaintiff's intention to submit a complaint in this court that rises to the
16 level of a civil rights action under 42 U.S.C. § 1983.  The gravamen of his filing is that he has
17 been subjected to vindictive verbal harassment by defendant Correctional Officer (C/O) A.
18 Montanez, culminating in an allegedly false serious rules violation report (RVR) accusing
19 plaintiff of threatening a former cellmate.  See Complaint.  Plaintiff also claims defendant
20 Montanez has had him placed in administrative segregation on the basis of the false RVR.
21 Plaintiff does not set forth what form of relief he seeks and does not clarify whether or not he has
22 been found guilty of the disciplinary charge.
23    This complaint must be dismissed but plaintiff will be granted leave to amend to
24 set forth his amended allegations on the appropriate civil rights complaint form which will be
25 provided with this order.  To the extent that plaintiff alleges that defendant Montanez has made
26 "insult[ing]"references in front of other inmates to plaintiff's allegedly acting "like a little girl"

and referring to another inmate as plaintiff's "gay lover" (complaint, p. 2), plaintiff is informed that verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

However, "'prison officials have a duty...to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'.... For a claim ...based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. at 1977. Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id. The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. at 1979.

By merely stating that he has been placed in Ad Seg by defendant Montanez due to an allegedly false disciplinary charge, plaintiff does not thereby state a violation of his constitutional rights. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence

> in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., <u>Vitek v. Jones</u>, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and <u>Washington [v. Harper]</u>, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

<u>Sandin v. Conner</u>, supra. Plaintiff does even specify the length of time he was or has been placed in Ad Seg or whether or not he has been found guilty of the disciplinary charge. Moreover, plaintiff must, as he has not done here, allege that the conditions of his Ad Seg placement subjected him to atypical and significant hardships. Although the complaint will be dismissed, as noted, plaintiff will have leave to amend.

As to defendant Correctional Sergeant Merriweather, plaintiff alleges that while he has told plaintiff's counselor that he would work with plaintiff regarding complaints against defendant's allegedly abusive, threatening conduct, nothing has been done, possibly out of fear or as a result of a conspiracy. Complaint, p. 4. Such a claim is far too vague to rise to the level of a constitutional violation. Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>see</u> also <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992). Plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights. <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989), citing <u>Fonda v. Gray</u>, 707 F.2d 435 (9th Cir. 1983). Conspiracy allegations must be supported by material facts and not be merely conclusory statements. <u>Lockary v. Kayfetz</u>, 587 F. Supp. 631 (N. D. Cal. 1984). The complaint will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

4. The Clerk of the Court is directed to provide plaintiff with the form to be used by prisoners for filing a civil rights action in this district.

DATED: December 12, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
cont2690.bnf