IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK D. CONTRERAS,

      Plaintiff,                        No. CIV S-11-2690 GGH P

   vs.

C/O A. MONTANEZ, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. See docket # 4. By order filed on December 13, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff was granted an extension of time for file an amended complaint by order, filed on February 1, 2012. Plaintiff has filed an amended complaint.

      As plaintiff has been informed previously, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

1

defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that defendant Correctional Officer (C/O) A. Montanez has disregarded prison rules "by making a false rules violation report against plaintiff." Amended

1  Complaint (AC), p. 3.  Plaintiff also contends that defendant Montanez "called [plaintiff] a 'girl'
2  in front of other people."  Id.  Defendant Montanez "refused to allow [plaintiff] to move out of
3  his building."  Id.  Defendant Montanez told plaintiff "he had to stay in his building and he
4  would keep making it hard for [plaintiff] and ... would play mind games with [plaintiff]."  Id.
5  Montanez referred to another inmate as plaintiff's "'gay lover.'"  Id.  Defendant Sgt.
6  Merriweather refused to help plaintiff when plaintiff appealed to him for help.  Id.  Plaintiff
7  references a copy of a Sec. 832.5 citizen's complaint that plaintiff apparently submitted against
8  defendant Montanez describing defendant Montanez's conduct against him as, inter alia,
9  vindictive and harassing and accusing him of having filed a false RVR against plaintiff for
10 "threatening my cellmate," which plaintiff avers therein that he did not do.  Id., citing citizen's
11 complaint at pp. 10-13.  Plaintiff seeks money damages and an order from this court to compel
12 the prison to enforce "their employee misconduct policy," evidently against defendant Montanez.
13 Id., at 3.  In a separate filing made several weeks after having filed his amended complaint,
14 plaintiff asks that two additional exhibits be added to his amended complaint.  See docket # 15.

15         Once again, plaintiff's filing must be dismissed but plaintiff will be granted
16 leave to file one more amended complaint.  As plaintiff has been previously informed, verbal
17 harassment of the type plaintiff has described is insufficient to state a claim.  See Oltarzewski v.
18 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Even threats of bodily injury are insufficient to
19 state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut
20 v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

21         If plaintiff intends to make a claim of retaliation against defendant Montanez for
22 the filing of a false serious rules violation report against him, plaintiff is informed that inmates
23 have a right to be free from the filing of false disciplinary charges in retaliation for the exercise
24 of constitutionally protected rights.  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);
25 Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532
26 (9th Cir. 1985).  However, plaintiff must allege that the retaliation arose from plaintiff's having

1 engaged in the exercise of protected conduct.  For example, the Ninth Circuit treats the right to
2 file a prison grievance as a constitutionally protected First Amendment right.  Hines v. Gomez,
3 108 F.3d 265 (9th Cir. 1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994)
4 (finding that the right to utilize a prison grievance procedure is a constitutionally protected right,
5 cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v.
6 Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to
7 petition government for redress of grievances as guaranteed by the First and Fourteenth
8 Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected
9 to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870
10 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate
11 grievances); Franco v. Kelly, 854 F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a
12 prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983
13 is intended to remedy" (alterations and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th
14 Cir. 1988) (false disciplinary filed in retaliation for complaint about food actionable).

15      In order to state a retaliation claim, a plaintiff must plead facts which suggest that
16 retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor
17 behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th
18 Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate
19 correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).
20 Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific
21 facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier
22 v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

23      To allege that defendant Montanez has engaged in misconduct that rises to the
24 level of an Eighth Amendment violation, plaintiff must allege that Montanez has subjected
25 plaintiff to a substantial risk of harm.  Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970,
26 1974 (1994).  To succeed on a claim of deliberate indifference to the threat of serious harm or

injury by another prisoner, plaintiff must demonstrate that the deprivation of his rights was "objectively, sufficiently serious." Id. at 834, 114 S.Ct. at 1977. "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious'.... For a claim ...based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. at 1977.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." Id.  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S.Ct. at 1979.

The Ninth Circuit recently affirmed the dismissal of a claim of sexual harassment in violation of the Eighth Amendment against a correctional officer who was alleged to have entered the plaintiff inmate's cell while the plaintiff was on the toilet and to have approached him and then rubbed his thigh against plaintiff's thigh and to have begun smiling, before leaving the cell laughing. Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir. 2012).

> After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jordan v. Gardner,* 986 F.2d 1521, 1525 (9th Cir.1993) (en banc) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)) (internal quotation marks and indications of alteration omitted).  The alleged pain may be physical or psychological.  See, e.g., *Jordan,* 986 F.2d 1521.  Nevertheless, the "inmate must objectively show that he was deprived of something 'sufficiently serious.' " *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir.2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)).

Watison v. Carter, 668 F.3d at 1112.

The behavior plaintiff has described with regard to defendant Montanez appears to involve "'the exchange of verbal insults between inmates and guards [which] is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate

5

the Eighth Amendment." Watison v. Carter, 668 F.3d at 1113, quoting Somers v. Thurman, 109 F.3d 614, 622 (9th Cir.1997). In any event, plaintiff will be granted one further opportunity to amend.

As to defendant Merriweather, plaintiff simply does not frame a claim. To state that he appealed to this defendant but help was refused is too vague. If plaintiff intends by this allegation to implicate the grievance procedure, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] Plaintiff's due process claim

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

against defendant Merriweather will be dismissed but plaintiff will be granted leave to amend.

Should plaintiff file a second amended complaint, he must fully set forth his allegations within the complaint itself and not simply refer to exhibits for the court to ferret out his claims. Nor may plaintiff file exhibits in piecemeal fashion. Local Rule 220 requires that "every pleading to which an amendment ... is permitted ... shall be filed so that it is complete in itself" and "[a]ll changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. As noted, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the amended complaint is dismissed for the reasons discussed above, with leave to file a second amended

1 complaint within twenty-eight days from the date of service of this order. Failure to file a second
2 amended complaint will result in dismissal of this action for plaintiff's failure to state a claim on
3 which relief can be granted.
4 DATED: April 9, 2012

          /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH:009
cont2690.ord