1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DERRICK D. CONTRERAS,

11              Plaintiff,                    No. CIV S-11-2690 GGH P

12        vs.

13   C/O A. MONTANEZ, et al.,

14              Defendants.               ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned.

18   See docket # 4.  By order filed on April 9, 2012, plaintiff's amended complaint was dismissed

19   with leave to file a second amended complaint.  Plaintiff has filed a second amended complaint.

20              As plaintiff has twice been informed previously, the court is required to screen

21   complaints brought by prisoners seeking relief against a governmental entity or officer or

22   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

23   or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

24   fail to state a claim upon which relief may be granted, or that seek monetary relief from a

25   defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   \\\\\

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint must contain more than a "formulaic recitation of the elements of a

9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11  "The pleading must contain something more...than...a statement of facts that merely creates a

12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15  v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

17  that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged."  Id.

19  In reviewing a complaint under this standard, the court must accept as true the

20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23  1843 (1969).

24  Plaintiff once alleges that defendant Correctional Officer (C/O) A. Montanez

25  "filed a false serious rules violation report against him," which resulted in two months of

26  segregated housing and thirty days' loss of good time credit.  Plaintiff claims that this RVR was

1  filed on or about September 20, 2011, after plaintiff had reported defendant Montanez to his

2  supervisor, Sgt. Merriweather, for threats he had made against plaintiff, some of which he had

3  made good on.  Plaintiff references again a copy of a Sec. 832.5 citizen's complaint that he states

4  was partially granted and which plaintiff submitted against defendant Montanez prior to the

5  issuance of the RVR at issue, describing defendant Montanez's conduct against him as, inter alia,

6  vindictive and harassing, taking the form of derogatory, insulting comments including demeaning

7  statements concerning homosexuality; plaintiff also accuses Montanez of having filed a prior

8  "false" RVR against him for "threatening my cellmate," which plaintiff avers therein that he did

9  not do.  Plaintiff seeks money damages and restoration of his thirty days of lost time credit and

10  asks that the California Department of Corrections and Rehabilitation (CDCR) be compelled to

11  enforce "their employee misconduct policy."  Second Amended Complaint, pp. 3-6.

12          In this third incarnation of his complaint, plaintiff's claim for money damages

13  appears to be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In Heck, an

14  Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state

15  and county officials violated his constitutional rights, he sought damages for improprieties in the

16  investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial

17  ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter

18  charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from

19  custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the

20  complaint and held that:

21          in order to recover damages for allegedly unconstitutional
            conviction or imprisonment, or for other harm caused by actions
22          whose unlawfulness would render a conviction or sentence invalid,
            a § 1983 plaintiff must prove that the conviction or sentence has
23          been reversed on direct appeal, expunged by executive order,
            declared invalid by a state tribunal authorized to make such
24          determination, or called into question by a federal court's issuance
            of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
25          bearing that relationship to a conviction or sentence that has not
            been so invalidated is not cognizable under 1983.

26

3

1  <u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

2  damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

3  conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

4  In <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court

5  held that <u>Heck</u> applies to challenges to prison disciplinary hearings when the nature of the

6  challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.

7  <u>Edwards</u> rejected the Ninth Circuit's holding in <u>Gotcher v. Wood</u>, 66 F.3d 1097, 1099 (9th Cir.

8  1995) that a claim challenging only the procedures employed in a disciplinary hearing is not

9  barred by <u>Heck</u>.  Plaintiff has made no showing that the disciplinary conviction he challenges as

10  false has been invalidated, expunged or reversed.

11  The problem with plaintiff's retaliation claim is that if the disciplinary were to be

12  upheld, then there is "some evidence" warranting the guilty finding; plaintiff will not be able to

13  show that the primary motivating factor for the disciplinary was retaliation.  Thus, plaintiff must

14  show that the disciplinary was baseless.  He cannot attempt do this initially in a civil rights action

15  because he will be attacking the validity of the conviction; he must first have the disciplinary

16  conviction overturned in a direct review in the state courts or habeas corpus.

17  Nor is the restoration of time credits within the purview of a civil rights action.

18  Federal law opens two main avenues to relief on complaints related
to imprisonment: a petition for habeas corpus, 28 U.S.C.  2254,

19  and a complaint under the Civil Rights Act of 1871, Rev. Stat.
1979, as amended, 42 U.S.C.  1983.  Challenges to the validity of

20  any confinement or to particulars affecting its duration are the
province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475,

21  500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
turning on circumstances of confinement may be presented in a §

22  1983 action.

23  <u>Muhammad v. Close</u>, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).  The proper

24  vehicle by which he may seek restoration of his lost time credits and reversal of the disciplinary

25  finding is by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

26  \\\\\\

4

1    Plaintiff has had three opportunities to frame a cognizable claim and has failed to

2  do so.  At this point, the court will dismiss this action without further leave to amend.  "Under

3  Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can

4  possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit

5  entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific

6  Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United

7  States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no

8  request to amend the pleading was made, unless it determines that the pleading could not be

9  cured by the allegation of other facts.").  "[A] district court retains its discretion over the terms of

10  a dismissal for failure to state a claim, including whether to make the dismissal with or without

11  leave to amend."  Lopez v. Smith, 203 F.3d at 1124.  "The district court's discretion to deny

12  leave to amend is particularly broad where plaintiff has previously amended the complaint."

13  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008), quoting

14  In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

15    Accordingly, IT IS ORDERED that this action be dismissed for plaintiff's

16  repeated failure to state a claim upon which relief can be granted.

17  DATED: July 9, 2012

18                     /s/ Gregory G. Hollows
                  UNITED STATES MAGISTRATE JUDGE
19
GGH:009
20  cont2690.ord3

21

22

23

24

25

26

5